## MARY KOENIG v. ST. PAUL CITY RAILWAY COMPANY.[1]

February 18, 1910.

Nos. 16,453—(179).

**New Trial Properly Denied.**
> Evidence considered in this a personal injury action, and *held*, that the
> trial court did not abuse its discretion in denying the defendant's motion
> for a new trial after a verdict for the plaintiff.

Action in the district court for Ramsey county to recover $2,500
damages for personal injuries received while alighting from defendant's street car. The case was tried before Hallam, J., and a jury
which rendered a verdict in favor of plaintiff for $750. From an
order denying defendant's motion for a new trial, it appealed. Affirmed.

*W. D. Dwyer,* for appellant.
*Franklin H. Griggs,* for respondent.

START, C. J.

On June 16, 1908, the plaintiff was a passenger on one of defendant's street cars, and was injured while in the act of alighting therefrom at the intersection of Seventh and Jackson streets, in St. Paul.
This action was brought in the district court of the county of Ramsey to recover damages for her injuries on the alleged ground that
they were caused by the negligence of the defendant in starting the
car while the gates were open. Verdict for the plaintiff for $750,
and the defendant appealed from an order denying its motion for a
new trial.

No question is made that the plaintiff was not a passenger on the
defendant's car, and it is practically admitted that she fell from the
steps of the car to the ground and was injured. The plaintiff and her

[1] Reported in 124 N. W. 832.

daughter, who was also a passenger on the car, testified to the effect that the car stopped, and as the plaintiff was about to step down from the last step the car started up with something of a jerk, which threw her to the ground; the gates being still open. On the other hand, nine witnesses, who were either employees of the defendant, or passengers, or bystanders, were called by the defendant, and each testified with more or less directness that the car was standing still, and that there was no movement thereof while the plaintiff was in the act of alighting. The attention of some of the witnesses, however, was not specially called to the plaintiff or the car until the happening of the accident.

Upon a consideration of the whole evidence, we are of the opinion that the question of the defendant's negligence and whether it was the efficient cause of the plaintiff's injury was one of fact for the jury, and that the trial court properly exercised its discretion in denying the motion for a new trial.

Order affirmed.